# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:01-CR-65

United States of America

v.

Timmy Lamoyne Tyler
                               Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed February 8, 2010, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on January 23, 2002, before The Honorable Richard A. Schell, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Possession with Intent to Distribute 5 Grams or More, but Less than 50 Grams, of Cocaine Base, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of IV, was 100 to 125 months. Defendant was subsequently sentenced to 108 months imprisonment followed by four years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare;; and a $100 special assessment.

## II. The Period of Supervision

On June 23, 2008, defendant completed his period of imprisonment and began service of the supervision term. On June 13, 2008, defendant's total offense level was reduced to 25 and an imprisonment range of 84 to 105 months. Defendant's sentence was reduced from 108 months imprisonment to 90 months imprisonment followed by four years supervised release.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on February 8, 2010. The petition alleges that defendant violated the following conditions of release:

Mandatory Condition: Defendant shall not commit another federal, state, or local crime.

As grounds, the petition alleges that defendant was arrested on April 30, 2009 by Beaumont Police Department on the charge of possession of marjauna.

On January 25, 2010, the petition alleges the defendant was convicted of possession of marijuana in Jefferson County, Texas. Defendant was allegedly sentenced to serve on year in a Texas Department of Criminal Justice facility.

## IV. Proceedings

On July 22, 2010, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a Mandatory condition of supervised release by committing a state crime. Further, the parties agreed the court should revoke defendant's supervised release and impose 8 months imprisonment, with no term of supervised release thereafter.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a Mandatory condition of supervised release by committing a state crime.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by

a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class B felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 3 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a Mandatory condition of supervised release by committing a state crime, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or

vocational training, medical care, other corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see also</u> 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

### <u>Findings:</u>

Defendant pleaded "true" to the allegation that he violated a Mandatory condition of supervised release by committing a state crime. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release by violating a state offense, demonstrated by defendant's conviction for possession of marijuana.

### <u>Conclusion and Justification:</u>

Defendant's violation is a Grade C violation with policy guidelines suggesting 6 to 12 months imprisonment upon revocation. Defendant has

demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by committing a state crime. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## RECOMMENDATIONS

1. The court should find that defendant violated a Mandatory condition of supervised release, by committing a state crime, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 8 months.

4. Upon release of imprisonment, defendant should not be placed on supervised release.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __26__ day of July, 2010.

_Earl S. Hines_
Earl S. Hines
United States Magistrate Judge